2. The court properly overruled the demurrer to the indictment "upon each and every ground therein."

3. It is not insisted that the verdict is without evidence to support it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

---

### 15704.   SMITH *v.* THE STATE.

BROYLES, C. J. The verdict was authorized by the evidence and none of the grounds of the amendment to the motion for a new trial shows reversible error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 8, 1924.

Manslaughter; from Carroll superior court—Judge Roop. May 17, 1924.

Application for certiorari was denied by the Supreme Court.

*Smith & Millican, S. Holderness,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* contra.

---

### 15708.   HENDRICKS *v.* THE STATE.

The indictment in this case, which charges embezzlement by a bank officer, was drawn under section 186 of the Penal Code of 1910, and the court erred in giving in charge to the jury section 20 of title XX of the banking laws of 1919 (Ga. L. 1919, p. 216), and charging that the indictment was drawn under the latter section.

DECIDED AUGUST 8, 1924.

Indictment for embezzlement; from Taylor superior court—Judge Munro. December 4, 1923.

*Gilbert C. Robinson, Jere M. Moore, Brown Marshall, Homer Beeland, O. T. Montfort,* for plaintiff in error.

*W. R. Flournoy, solicitor-general,* contra.

BLOODWORTH, J. 1. Section 186 of the Penal Code of Georgia provides that any officer of any bank "who shall embezzle, steal, secrete, or fraudulently take and carry away any money, paper, book, or other property or effects, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than seven years." The indictment in this case charged that the defendant did "unlawfully and fraudulently embezzle,